**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ABDERRAHAMANE A. MOHAMED on** | ) | |
| **behalf of himself and other persons** | ) | |
| **similarly situated** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **DIAMOND TRANSPORT, INC.,** | ) | |
| **an Illinois corporation.** | ) | |
| | ) | **Jury Trial Demanded** |
| **Defendant.** | ) | |

**COMPLAINT**

Plaintiff **ABDERRAHAMANE A. MOHAMED** ("Mohamed" or "Plaintiff"), by and

through his attorneys, HERMAN J. MARINO and DANIELLE KEGLEY, brings this complain

against Defendant DIAMOND TRANSPORT, INC. ("Diamond" or "Defendant"), stating as

follows:

**INTRODUCTION**

1.      This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

("FLSA"), the Portal-to-Portal Act, 29 U.S.C. § 251 *et seq*., the Illinois Minimum Wage Law,

820 ILCS 105/1 *et seq*. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS

115/1 *et seq*. ("IWPCA") for Defendant's: (1) failure to pay Plaintiff and other similarly situated

employees the statutorily required overtime wages for all time worked in excess of forty (40)

hours in a given workweek; (2) failure to compensate Plaintiff and other similarly situated

employees for all hours they suffered or were permitted to work in violation of the FLSA and the

IMWL; and, (3) failure to pay all earned wages, bonuses, and commissions at the rate agreed to

by the parties in violation of the IWPCA. For claims arising under the FLSA, Plaintiffs bring this suit as a collective action pursuant to Section 216(b) of the FLSA. For claims arising under the IMWL and the IWPCA, Plaintiff will seek to certify those claims as class actions pursuant to Fed. R. Civ. P. Rule 23(a) and (b).

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district because Defendant's place of business is located within this judicial district and the events giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4.      Plaintiff **ABDERRAHAMANE A. MOHAMED** resides in and is domiciled within this judicial district. For approximately the last fourteen years, Plaintiff was employed by Defendant as a driver.

5.      At all material times, Plaintiff was employed by Defendant as an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), the IMWL, 820 ILCS 105/1 et seq., and the IWPCA, 820 ILCS 115/1 et seq.

6.      At all relevant times, Defendant has been conducting business under the assumed name of "Diamond Transport, Inc." which is an Illinois corporation in good standing in the state of Illinois. On information and belief, the business operated under the assumed name of "Diamond Transport, Inc." is owned and operated by Edward Skoni.

2

7.     At all relevant times, Edward Skoni ("Skoni") has held himself out as the owner and an officer of Diamond and was acting directly or indirectly in the interest of Diamond as the employer of Plaintiff, are acting as his employer, as defined under both state and federal laws, and as such each are the "employer" of the Plaintiff under Section 203(d) of the FLSA, 29 USC §203(d), and subject to the provisions of Section 7 of the FLSA, 29 USC §207; and each are the Plaintiff's "employer" within the meaning of the IMWL, 820 ILCS §105/3c; and within the meaning of the IWPCA, 820 ILCS §115/2

8.     The Defendant operates a business that is a specialized hauler of petroleum products. Drivers are hired and received instruction to transport load of goods onto semi-tractor trailers. The delivery locations are provided to each employee by the Defendant. Under his agreement with the Defendant, the Plaintiff was paid a commission based upon 70% of the invoice amount of the delivery, which he was required to log for each delivery. At all relevant times, Plaintiff maintained contemporaneous records of his points of origin and destination for each load or trip, along with the mileage logged. A sample of his records is attached hereto as **Exhibit 1.** The Defendant entered into an oral agreement with the Plaintiff that he would be paid based upon his mileage logged.

9.     Since hiring Plaintiff as its employee, Defendant and Skoni have jointly owned and operated Diamond Transport which is currently located at 13905 Arapaho Trail, Homer Glenn, Illinois.

10.     On or about January 1, 2014, Defendant hired the Plaintiff and designated him as an employee. At all relevant times, the Plaintiff continued working without a material change in his duties until January 2016 when the Defendant ceased making payment to the Plaintiff.

11.     On or about April 1, 2016, the Defendant regularly and customarily required Plaintiff, and its other drivers, to work in excess of forty (40) hours in individual work weeks, but did not compensate them at one and half times their regular rate of pay for the hours worked in excess of 40 hours. At all relevant times, Defendant had a policy and practice of failing to pay proper overtime compensation to the Plaintiff for all hours worked for the Defendant.

12.     Within the relevant time period, Skoni had the authority to hire and fire and/or to direct and supervise the work of Plaintiff and other similarly situated employees. This authority included, but is not limited to, authorizing payment of wages to Plaintiff and other similarly situated employees, signing checks on behalf of Diamond Transportation, issuing payroll, and participating in decisions regarding the operation of these businesses, including employment policies and practices.

## FACTUAL BACKGROUND

13.     Diamond operates a business that provides specialized delivery of high grade petroleum pursuant to open invoices and purchase orders submitted by customers and approved by Defendant.  Drivers are hired and received instruction to transport load of goods onto semi-tractor trailers. The delivery location are provided to each employee by the Defendant. Under his agreement with the Defendants, the Plaintiff was paid a commission based upon 70% of the invoice amount of the delivery, which he was required to log for each delivery.

14.     Since its inception, Skoni has owned and/or operated Diamond, which is currently located at 13905 Arapaho Trail, Homer Glenn, Illinois.

15.     During the year 2014, Plaintiff was hired and designated as employees by Defendant, and/or a predecessor of Defendant. Plaintiff continued working without a material

4

change to his essential job duties until his terminations shortly after ceasing to make payments to the Plaintiff.

16.     Within the three (3) years prior to Plaintiff filing this Complaint, Defendant regularly and customarily required the Plaintiff to work in excess of forty (40) hours in individual work weeks, but did not compensate him at one and a half times their regular rate of pay for time worked in excess of forty (40) hours in individual work weeks.

17.     At all relevant times, the Defendant had a policy and practice of failing to pay proper overtime compensation to the Plaintiff and similarly situated employees for all hours worked for Defendant. For example, Plaintiff and similarly situated drivers were regularly scheduled to work for Defendants for more than forty (40) hours per week; however, Plaintiff and other similarly situated drivers were compensated at straight time for the first forty (40) hours and given straight time pay plus an addition $1 per hour for all hours worked in excess of forty (40) hours.

18.     At all relevant times, Defendant has directed other similarly situated employees to work in excess of forty (40) hours in individual work weeks, but failed to compensate these individuals at time and a half their regular rate of pay for all time worked in excess of forty (40) hours in those workweeks.

19.     Defendant's failure to compensate Plaintiff and other similarly situated drivers at time and a half their regular rate for work in excess of forty (40) hours in individual work weeks results in violations of the overtime requirements of the FLSA and the IMWL.

20.     During the relevant time period, Defendants had a practice of requiring employees to be present and ready to work at least fifteen (15) minutes before the beginning of their shift in order to inspect the lot and complete routine cleaning, and to secure inspections and maintenance

of their vehicles as a condition of their employment; the Plaintiff was not compensated for this time worked.

21.     For at least the last three years, Defendant has likewise directed other similarly situated employees to begin working prior to the start time of their scheduled shifts, and to secure inspections and maintenance of their vehicles as a condition of their employment; but failed to compensate these individuals for the time worked.

22.     At various times, Defendant entered into an agreement with Plaintiff providing the following: the hourly rate of pay; the amount of and conditions for the Plaintiff to receive bonuses and/or commissions upon the completion of specific tasks; and when and how the Plaintiff would be compensated.

23.     On information and belief, at various times Defendant entered into agreements with other similarly situated employees providing the following: the hourly rate of pay; the amount of and conditions for the employees to receive bonuses and/or commissions upon the completion of specific tasks; and when and how the employees would be compensated.

24.     On April 8, 2016 the Plaintiff issued his demand for settlement of the Plaintiff's claims in the instant lawsuit.  (See copies, **Exhibit 2**). No resolution was reached.

25.     On information and belief, Skoni utilize the identical labor management and office staff to carry out functions now conducted by Diamond.

26.     On information and belief, Defendant is liable for the unpaid obligations owed to the class and to the Plaintiff by Diamond.

## CLASS ACTION ALLEGATIONS

27.     Plaintiff will seek to certify his state law claims arising under the IMWL for overtime wages and their claims under the IWPCA for unlawful deductions and failure to pay earned wages, commissions, and bonuses to him and similarly situated drivers. Plaintiff will ask the Court to determine the rights of the parties pursuant to those statutes and to direct Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

28.     Counts I, II and III are brought pursuant to Fed. R. Civ. P. 23(a) and (b) because:

    a.  The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employs about twenty (20) individuals in positions similar to the Plaintiff and many more employees have worked for Defendant during the IMWL and IWPCA Class Periods.

    b.  There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of fact and law include, without limitation:

        i.  Whether Defendant failed to pay Plaintiff and the Class overtime wages for all time worked over forty (40) hours in individual workweeks during the IMWL Class Period;

        ii.  Whether Defendant had a practice of failing to pay Plaintiff and the Class all earned wages, commissions, and bonuses during the IWPCA Class Period;

        iii.  Whether Defendant has failed to properly repay deposits to former employees at the time of termination of their employment during the IWPCA Class Period, and;

iv.    Whether Defendant has failed to properly pay final compensation to former employees during the IWPCA Class Period.

c.    The class representatives and the members of the class have been equally affected by Defendant's failure to pay overtime wages, Defendant's practice of making unlawful deductions from their earned wages, and Defendant's failure to pay all earned wages, commissions, and bonuses.

d.    Members of the class will be reluctant to bring forth claims for unpaid wages for fear of retaliation and Defendant has explicitly made threats to Plaintiff in the past;

e.    The class representatives, class members, and Defendant have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interests of the classes. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating hardship on the class members, Defendant, and the Court.

29.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I

**Violation of the FLSA - Overtime Wages**
**Plaintiff on behalf of himself and other similarly situated drivers and employees**
**Section 216(b) Collective Action**

30.    Plaintiff incorporates and re-alleges paragraph 1 through 29 of this Complaint as though set forth herein.

31.    This Count arises from Defendant's violation of the FLSA, 29 U.S.C. § 201 *et seq.,* and for the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* for Defendant's failure to pay Plaintiff and similarly situated employees one and a half times their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks and failure to compensate Plaintiff and similarly situated employees for all hours they suffered or were permitted to work in a given workweek.

32.     Defendant's directed Plaintiff to work and Plaintiff, in fact, worked in excess of forty (40) hours in individual work weeks.

33.     Other similarly situated employees were likewise directed to work by Defendant and, in fact, did work in excess of forty (40) hours in individual work weeks.

34.     Plaintiff and other similarly situated employees were not exempt from the overtime provisions of the FLSA.

35.     Plaintiff and other similarly situated employees were entitled to be paid overtime wages at the premium rate of one and a half times their regular hourly rate for all time worked in excess of forty (40) hours in individual work weeks.

36.     Defendant did not pay Plaintiff and other similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

37.     Defendant's failure to pay Plaintiff and other similarly situated employees the overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the FLSA.

38.     Defendant directed Plaintiff to work and Plaintiff, in fact, worked for periods of time before and after his scheduled shifts for which he was not compensated.

39.     Other similarly situated employees were likewise directed to work by Defendant and, in fact, did work for periods of time before and after their scheduled shifts for which they were not compensated.

40.     Plaintiff and other similarly situated employees were entitled to be paid for all time suffered or permitted to work in an individual work week.

9

41.     Defendant did not pay Plaintiff and other similarly situated employees for all the time they suffered or were permitted to work in individual work weeks.

42.     Defendant's failure to pay Plaintiff and other similarly situated employees for all hours they suffered or were permitted to work was a violation of the FLSA.

43.     Plaintiff and other similarly situated employees are entitled to recover unpaid overtime wages and unpaid wages for all hours which they suffered or were permitted to work for up to three (3) years prior to the filing of this lawsuit because Defendant's failure to pay overtime wages for hours worked in excess of forty (40) hours per work week was a willful violation of the FLSA.

**WHEREFORE**, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     That the Court determine that this action may be maintained as a collective action pursuant to Section 216(b) of the FLSA. The Plaintiff's consent is attached hereto as **Exhibit 3.**

B.     A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks and all wages owed to Plaintiff and similarly situated employees for hours they suffered or were permitted to work without compensation;

C.     Liquidated damages in the amount equal to the unpaid overtime wages;

D.     That the Court declare that Defendant violated the FLSA;

E.     That the Court enjoin Defendant from violating the FLSA;

F.     Reasonable attorneys' fees and costs of this action as provided by the FLSA; and

G.      Such other and further relief as this Court deems appropriate and just.


## COUNT II

**Violation of the IMWL - Overtime Wages**
**Plaintiff on behalf of himself and other similarly situated drivers and employees--Class Action**

44.     Plaintiff incorporates and re-alleges paragraphs 1 through 43 of this Complaint as though set forth herein.

45.     This Count arises from Defendant's violation of the IMWL for Defendant's failure to pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks and failure to compensate Plaintiff and similarly situated employees for all hours they suffered or were permitted to work in a given workweek.

46.     Defendant directed Plaintiff to work, and the Plaintiff did work, in excess of forty (40) hours in individual work weeks.

47.     Plaintiff was entitled to be paid overtime wages at the premium rate of one and a half times his regular rate for all time worked in excess of forty (40) hours in individual work weeks.

48.     Defendant did not pay Plaintiff overtime wages for all time worked in excess of forty (40) hours in individual work weeks.

49.     Defendant directed other similarly situated non-exempt employees to work in excess of forty (40) hours in individual workweeks and they were entitled to be paid overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

50.     Defendant did not pay similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual workweeks.

11

51.     Defendant's failure to pay Plaintiff and similarly situated employees overtime wages for all time worked in excess of forty (40) hours in individual work weeks was a violation of the IMWL.

52.     Defendant directed Plaintiff to work, and Plaintiff did in fact did work, for periods of time before and after his scheduled shifts for which he was not compensated.

53.     Other similarly situated employees were likewise directed to work by Defendant and, in fact, did work for periods of time before and after their scheduled shifts for which they were not compensated.

54.     Plaintiff and other similarly situated employees were entitled to be paid for all time suffered or permitted to work in an individual work week.

55.     Defendant did not pay Plaintiff and other similarly situated employees for all the time they were suffered or were permitted to work by Defendant in individual work weeks.

56.     Defendant's failure to pay Plaintiff and other similarly situated employees for all hours they suffered or were permitted to work was a violation of the IMWL.

57.     Pursuant to 820 ILCS 105/12(a), Plaintiff and other similarly situated drivers and employees are entitled to recover unpaid regular and overtime wages for three (3) years prior to the filing of this lawsuit.

58.     The Class that the Plaintiff seek to represent in regards to the overtime wages and unpaid wages claims arising under the IMWL is composed of and designed as all persons who have been employed by Defendant since January 1, 2014 through the date of entry of a final judgment in this matter who were paid hourly and have not been paid overtime wages for all time worked in

excess of forty (40) hours in individual workweeks and/or for all time they suffered or were permitted to work without compensation.

**WHEREFORE**, Plaintiff prays for a judgment against Defendant as follows:

A.     That this Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b);

B.     A judgment in the amount of unpaid overtime wages for all time Plaintiff and other similarly situated employees worked in excess of forty (40) hours in individual work weeks and all wages owed to Plaintiff and similarly situated employees for hours they suffered or were permitted to work without compensation as provided by the IMWL;

C.     Statutory damages pursuant to the formula set forth in 820 ILCS 105/12(a);

D.     That the Court declare that Defendant have violated the IMWL;

E.     That the Court enjoin Defendant from continuing to violate the IMWL;

F.     Reasonable attorneys' fees and costs of this action as provided by the IMWL; and

G.     Such other and further relief as this Court deems appropriate and just.

## COUNT III

**Violation of the IWPCA - Failure to pay earned wages, bonuses, and commissions
Plaintiff on behalf of himself and other similarly situated employees--Class Action**

59.   Plaintiff hereby incorporates and re-alleges paragraphs 1 thru 58 of this Complaint, as though set forth herein.

60.     This Count arises from Defendant's practice of unlawfully failing to pay earned wages, commissions, and bonuses as determined by the agreement between the Plaintiff and Defendant in violation of the IWPCA, 820 ILCS 115/9.

61.     During the course of his employment with Defendant, and as described more fully in paragraph 8, Plaintiff had an agreement, within the meaning of the IWPCA, to be compensated at a rate agreed to by the parties.

62.     Defendant had practiced unlawfully withholding earned wages, commissions, and bonuses when Plaintiff performed the requirements set forth in the agreement between the parties.

63.     During the course of their employment with Defendant and as described more fully in paragraph 7, similarly situated employees had agreements within the meaning of the IWPCA to be compensated at a rate agreed to by the parties. Defendant likewise had a practice of unlawfully withholding earned wages, commissions, and bonuses from other similarly situated employees.

64.     Defendant's practice of unlawfully withholding earned wages, commissions, and bonuses from Plaintiff and other similarly situated employees' violated the IWPCA.

65.     On information and belief, Defendant has failed to pay final compensation to numerous former-employees at the conclusion of their employment during the relevant statutory period.

66.     The Class that Plaintiff seeks to represent in regards to his claim for unlawfully withheld earned wages, commissions, bonuses, as well as any other amounts improperly withheld as determined by the agreements made between the Plaintiff and the Defendant in violation of the IWPCA is composed of and defined as all persons employed by Defendant since January 1, 2014,

to the date a final judgment is entered in this matter and who were paid hourly and had unlawful deductions made to their earned wages.

67.     Plaintiff and other similarly situated employees are entitled to recover all unlawfully withheld earned wages, commissions, bonuses, as well as any other amounts improperly withheld as determined by the agreements made between the Plaintiff and the Defendant for a period of ten (10) years prior to the filing of this lawsuit.

**WHEREFORE**, Plaintiff and the Class pray for a judgment against Defendant as follows:

A.     That this Court determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23 (a) and (b);

B.     A judgment in the amount of all unpaid wages, commissions, bonuses and any other amounts due Plaintiff and the Class as provided by the IWPCA;

C.     Statutory damages as provided by the IWPCA;

D.     That the Court declare that the Defendant has violated the IWPCA;

E.     That the Court enjoin Defendant from violating the IWPCA;

F.     That any individually named or to be names as Defendants are personally liable;

G.     Reasonable attorneys' fees and costs of this action as provided by the IWPCA; and

H.     Such other and further relief as this Court deems appropriate and just.

**Plaintiff requests a jury trial on all issues for which a jury is allowed at common Law or by statute**

Respectfully submitted,

**ABDERRAHAMANE A. MOHAMED, Plaintiff**

By: /s/ Herman J. Marino

      Herman J. Marino Ltd., P.C.

Herman J. Marino
ARDC 1765817.
Danielle Kegley
ARDC 6320903
HERMAN J. MARINO LTD., P.C.
Attorneys for Plaintiff
53 West Jackson Boulevard, Suite 1557
Chicago, Illinois 60604
(312) 347-9990
hjmarino@marinotaxlaw.com
dkegley@marinotaxlaw.com